**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-4508**

―――――――――

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　　v.

EDUAR ORLANDO ARISTIZABAL, a/k/a The Dominican, a/k/a
Eduardo, a/k/a The Colombian,

　　　　　　　　Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:12-cr-00016-LMB-1)

―――――――――

Submitted: March 26, 2013　　　　　　Decided: April 5, 2013

―――――――――

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

―――――――――

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, P.C., Abingdon,
Virginia, for Appellant. Elizabeth Nash Eriksen, Sean Phillip
Tonolli, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduar Orlando Aristizabal appeals his conviction for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) and his 120-month sentence. Aristizabal's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the reasonableness of Aristizabal's sentence and whether Aristizabal was denied the effective assistance of counsel. The Government has moved to dismiss the appeal as barred by Aristizabal's waiver of the right to appeal included in the written plea agreement. We affirm in part and dismiss in part.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Aristizabal knowingly and voluntarily waived his right to appeal his sentence and that Aristizabal's challenge on appeal to the reasonableness of his sentence falls squarely within the scope of his waiver of appellate rights. Accordingly, we grant in part the Government's motion to dismiss the appeal.

The appellate waiver does not, however, foreclose Aristizabal's claim of ineffective assistance of trial counsel. Therefore, we deny in part the Government's motion to dismiss the appeal. Aristizabal's ineffective assistance of counsel claim, however, is not cognizable on direct appeal unless the

record conclusively demonstrates ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively establish that Aristizabal's counsel was ineffective, Aristizabal must instead assert such claims in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). Accordingly, we decline to consider Aristizabal's claim on direct appeal.

In accordance with Anders, we have reviewed the entire record for non-waivable meritorious issues and have found none. Accordingly, we affirm Aristizabal's conviction and sentence as to all non-waivable issues.

This court requires that counsel inform Aristizabal, in writing, of the right to petition the Supreme Court of the United States for further review. If Aristizabal requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aristizabal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3